# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0447V
UNPUBLISHED

|  |  |
|---|---|
| SUSAN REIFMAN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 16, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, *for petitioner*.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, *for respondent*.

## **DECISION AWARDING DAMAGES**[1]

On March 26, 2019, Susan Reifman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré Syndrome (GBS) causally related to the influenza vaccine she received on October 31, 2017. Petition at ¶¶ 1, 4, 17. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 13, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On October 16, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $176,138.13, representing compensation in the amount of $170,000.00 for her actual and projected pain and suffering and $6,138.13 for her past unreimburseable expenses. Proffer at 1. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $176,138.13, representing compensation in the amount of $170,000.00 for her actual and projected pain and suffering and $6,138.13 for her actual unreimburseable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                          **s/Brian H. Corcoran**
                                          Brian H. Corcoran
                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SUSAN REIFMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 19-447V <br> Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Compensation for Vaccine-Related Items:**

On October 13, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  On the same day, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for Guillain-Barré Syndrome as a result of an influenza vaccination.  Respondent proffers that based on the evidence of record, petitioner, Susan Reifman, should be awarded $176,138.13, which amount represents $170,000.00 in actual and projected pain and suffering, and $6,138.13 for past unreimbursable expenses.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

---

[1] This amount reflects that any award for projected life care expenses or projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(f)(4)(A).

1

through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

    A.  A lump sum payment of $176,138.13, in the form of a check payable to petitioner, Susan Reifman.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/Camille M. Collett_____
Camille M. Collett
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4098

Date:  October 16, 2020

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.